UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPL. OF KIM, | Case No.   5:26-mc-80050-EJD |
| | **ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |
| | Re: Dkt. No. 1 |

Before the Court is Suwan Kim's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application").  Appl., ECF No. 1.  Specifically, Applicant seeks discovery from Google LLC ("Google") for use in a foreign civil lawsuit in the Seoul Central District Court in Korea ("Tribunal").  *Id.* at 3.  For the reasons stated below, the Application is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

Applicant operates a YouTube channel and online community café dedicated to men's skincare, grooming, and personal care.  Appl. 1.  An anonymous individual using six different YouTube accounts allegedly published YouTube videos containing false, defamatory, and/or harassing statements about Applicant.  *Id.* at 2.  On January 5, 2026, Applicant filed a civil lawsuit against the Anonymous Individual in the Tribunal for defamation ("Civil Case").  *Id.* at 3. However, Applicant has been unable to determine the true identity of the Anonymous Individual, preventing Applicant from serving the Anonymous Individual or otherwise proceeding with the Civil Case.

YouTube users log in to YouTube using their Google account, and Google accounts are

Case No.: 5:26-mc-80050-EJD
ORDER GRANTING IN PART AND DEN. IN PART APPL. FOR DISCOVERY
1

linked to various services and accounts of Google, including Google Ads, Google AdSense, and YouTube. *Id.* at 4. To proceed with the Civil Case, Applicant requests a subpoena demanding two requests for production:

> **REQUEST FOR PRODUCTION NO. 1.** DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNTS:
> (i) ALL names;
> (ii) ALL dates of birth;
> (iii) ALL addresses;
> (iv) ALL e-mail addresses;
> (v) ALL telephone numbers; and
> (vi) ALL bank names and the account numbers of bank accounts.
>
> **REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to show ten access logs (dates, times, IP addresses, and port numbers) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

Appl. Attachment 1–2.

"Accounts" is defined as:

> ALL Google accounts and YouTube accounts that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channels located at the URL below, including but not limited to Google accounts and YouTube accounts of Administrators, Owners, Managers, Editors, and Communication Managers of each YouTube channel as well as accounts with similar roles for each YouTube channel.
> (1)https://www.youtube.com/@%ED%98%B8%EB%B0%B1%EB%91%90;
> (2)https://www.youtube.com/@%EC%8B%A0%ED%95%98%EB%AF%BC-t2g;
> (3)https://www.youtube.com/@woojaeju;
> (4)https://www.youtube.com/@%ED%95%98%EC%A3%BC%ED%98%84-c1r;
> (5)https://www.youtube.com/@gana-e8v; and,
> (6)https://www.youtube.com/@%ED%98%95-A2.

*Id.* at 1.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

Case No.: 5:26-mc-80050-EJD
ORDER GRANTING IN PART AND DEN. IN PART APPL. FOR DISCOVERY
2

order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

## III.   DISCUSSION

### A.   Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a).

First, Applicant satisfies the residence requirement because Google's principal office is in Mountain View, California, which is in this district. Appl. 5; *see, e.g., In re Todo*, No. 5:22-MC-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, No. 5:22-MC-80200-EJD, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain

View).

Second, the Court finds that the discovery is sought for use in foreign proceedings, as Applicant is actively litigating the Civil Case in the Tribunal.  Appl. 6.

Third, Applicant is plainly an "interested person" in the foreign proceedings, as Applicant is the party bringing the Civil Case in the Tribunal.  Appl. 6; *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

### B.       Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Applicant's *ex parte* application in part.  However, the Court finds that the fourth factor weighs against Applicant's specific request for banking information.

### 1.       Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence."  *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (internal quotation marks and citation omitted).

Here, Google would not be a party in the Tribunal proceedings, and therefore, that foreign Tribunal would be unable to compel Google to produce discovery without the aid of Section 1782.  Appl. 6.  "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third

Case No.: 5:26-mc-80050-EJD
ORDER GRANTING IN PART AND DEN. IN PART APPL. FOR DISCOVERY
4

United States District Court
Northern District of California

parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, No. 22-MC-80077-VKD, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022), *report and recommendation adopted sub nom. Med. Corp. v. Google, LLC*, No. 22-MC-80077-HSG, 2022 WL 2905233 (N.D. Cal. July 22, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, the Court is unaware of any evidence that the Tribunal would reject evidence obtained via Section 1782. Appl. 7. Accordingly, given that there is no authoritative proof that the Tribunal would reject evidence obtained under Section 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3. Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also favors granting the Application. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (internal quotations marks and citations omitted).

Here, Applicant's counsel has represented that they are not aware of any restrictions or policies imposed by the Tribunal that would prohibit the proof-gathering sought here. Appl. 8. The Court finds no reason to doubt Applicant's counsel's representations. Accordingly, there is nothing to indicate that the third *Intel* factor should weigh against granting the Application.

Case No.: 5:26-mc-80050-EJD
ORDER GRANTING IN PART AND DEN. IN PART APPL. FOR DISCOVERY

**4.      Unduly Intrusive or Burdensome**

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265.  Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Applicant's proposed subpoena seeks all documents sufficient to show the identity of the users of the Anonymous Individual, including the names, dates of birth, addresses, e-mail addresses, and telephone numbers registered with the YouTube accounts and associated Google Ads, Google AdSense, and Google Pay accounts.  Appl. Attachment 1.  Applicant also requests the most recent access logs from the YouTube accounts, including the dates, times, IP addresses, and port numbers.  *Id.*

The Court finds these requests to be narrowly tailored to only seek documents "sufficient to show" the identifying information associated with the Google accounts in question, as opposed to a request seeking "all documents" relating to the account.  *See, e.g., In re Plan. & Dev. of Educ., Inc.*, No. 21-MC-80242-JCS, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from seeking "all" identifiers to only seek information "sufficient to identify" the users).  Further, Applicant's request for access log information is narrowly tailored to only the ten logs immediately preceding Google's production, rather than a longer period of time, which runs the risk of producing unnecessary and invasive personal information.  These limitations on the subpoena's scope suggests that the requested discovery is not "unduly intrusive or burdensome."

However, Applicant's proposed subpoena also seeks all bank names and bank account numbers associated with the Accounts.  The Court finds that this request is unduly intrusive, as it is not necessary to serve the purpose of ascertaining the identity of the Anonymous Individual at this time.

Therefore, the Court finds that the fourth *Intel* factor favors granting Applicant's request for all documents sufficient to show the identity of the users of the two accounts; however, the Court will exercise its discretion and deny Applicant's request for banking information.

United States District Court
Northern District of California

**IV.   CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor granting the Application as to the documents necessary to ascertain the users' identity, but not as to the requested banking documents.

Accordingly, the Section 1782 Application is **GRANTED IN PART** and **DENIED IN PART**.  Applicant may serve an amended subpoena on Google, which removes Request for Production No. 1 line item (vi) that requests banking information, with the following requirements:

1. Applicant SHALL serve a copy of this Order on Google with the proposed subpoena;

2. No later than 10 days after service of the subpoena, Google SHALL notify all account users whose personal identifying information is affected by the subpoena that their identifying information is being sought by Applicant and provide a copy of this Order to each account user;

3. Google SHALL use all means of communications associated with the Google accounts to contact and notify the affected individuals of the subpoena;

4. Google and each account user whose information is sought may file—no later than 30 days after service or notice—a motion to quash or modify the subpoena;

5. Any account user seeking to quash or modify the subpoena may appear and proceed before this Court under a pseudonym;

6. If any party disputes the subpoena, Google shall preserve but not disclose the information sought by the subpoena pending resolution of that dispute;

7. This Order is without prejudice to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: May 11, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:26-mc-80050-EJD
ORDER GRANTING IN PART AND DEN. IN PART APPL. FOR DISCOVERY

United States District Court
Northern District of California